UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHARAD KUMAR SAKSENA, | : | CIVIL ACTION NO. |
| Petitioner, | : | 3-09-cv-1756 (JCH) |
| | : | |
| v. | : | |
| | : | |
| ERIC HOLDER, ET AL, | : | JANUARY 11, 2010 |
| Respondents. | : | |

**RULING RE: RESPONDENTS' MOTION TO DISMISS (Doc. No. 7)**

Petitioner, Sharad Kumar Saksena, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241 on October 26, 2009.  See Pet. for Writ of Habeas Corpus (Doc. No. 3).  This court ordered respondents to show cause by December 21, 2009, why the relief prayed for in Saksena's Petition should not be granted.  See Order to Show Cause (Doc. No. 5).  In response to the Order to Show Cause, respondents moved this court to dismiss the habeas petition for lack of jurisdiction.  See Mot. to Dismiss (Doc. No. 7).

"In order for a court to entertain a habeas corpus action, it must have jurisdiction over the petitioner's custodian." Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir. 1976).  In light of the fact that Saksena is involved in immigration proceedings in Boston, Massachusetts, and is currently being detained at a correctional facility in Plymouth, Massachusetts, this court lacks jurisdiction over Saksena's custodian, and therefore it lacks jurisdiction over this matter.  See Mem. in Support of Mot. to Dismiss (Doc. No. 7) at 2.  Nonetheless, the court concludes that, in lieu of dismissing this action, transfer to the District of Massachusetts is appropriate pursuant to section 1631 of Title 28 of the United States Code.  See 28 U.S.C. § 1631

("Whenever a civil action is filed in a court. . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.").

In enacting section 1631, Congress "gave broad authority to permit the transfer of an action between any two federal courts." Ross v. Colorado Outward Bound School, Inc., 822 F.2d 1524, 1526-27 (10th Cir. 1987). This provision was designed to "protect a plaintiff against either additional expense or the expiration of a relevant statute of limitations in the event that the plaintiff makes an error in trying to select the proper court within the complex federal court system." 17 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 4104, at 406 (2d ed.1986) (citation omitted). This purpose of section 1651 is advanced by transferring Saksena's Petition to the District of Massachusetts instead of dismissing the Petition. See Roman v. Ashcroft, 340 F.3d 314, 329 (6th Cir. 2003) ("We believe that it would be in the interest of justice to transfer the action because a dismissal of the action would only cause Roman to incur the additional expense of filing the same habeas corpus petition in the Western District of Louisiana.")

For these reasons, the respondents' Motion to Dismiss (Doc No. 7) is **DENIED.** Saksena's Petition for Writ of Habeas Corpus is hereby transferred to the District of Massachusetts. In accordance with section 1631, "the action or appeal shall proceed as if it had been filed in. . . the court to which it is transferred on the date upon which it was actually filed in. . . the court from which it is transferred." 28 U.S.C. § 1631.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 11th day of January, 2010.

                                        /s/ Janet C. Hall
                                      Janet C. Hall
                                      United States District Judge